IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17-cv-00439-CB |
| | ) | |
| MORIARTY CONSULTANTS, INC.; | ) | Honorable Cathy Bissoon |
| ACTIVITY DAILY LIVING | ) | |
| SERVICES (ADL), INC.; | ) | |
| COORDINATION CARE, INC.; | ) | |
| EVERYDAY PEOPLE STAFFING, INC.; | ) | |
| NATIONAL HOME MODIFICATION, INC.; | ) | |
| ARLINDA MORIARTY; and | ) | |
| DAYNELLE DICKENS; | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Having considered the United States' Verified Complaint for Injunctive Relief, Motion for Temporary Restraining Order and Injunction along with its supporting Memorandum of Law and Exhibits, and the parties' Joint Motion for Entry of a Preliminary Injunction Order and to Cancel the April 24, 2017 Hearing, the Court hereby finds that:

A. There is probable cause to believe that Defendants Moriarty Consultants, Inc., Activity Daily Living Services (ADL), Inc., Coordination Care, Inc., National Home Modification, Inc., Everyday People Staffing, Inc., Arlinda Moriarty, and Daynelle Dickens (collectively, "Defendants")[1] have committed and are likely to continue to commit Federal health care offenses, as defined in 18 U.S.C. § 24(a), including 18 U.S.C. §§ 1035 (False Statements Relating to Healthcare Matters), 1347 (Health Care Fraud), and 371 (Conspiracy to Commit Offense or to Defraud United States).

B. Absent the injunctive relief requested by the United States, Defendants are likely to continue to injure the public and to defraud the United States.

---

[1] Defendants Moriarty Consultants, Inc., Activity Daily Living Services (ADL), Inc., Coordination Care, Inc., National Home Modification, Inc., and Everyday People Staffing, Inc. are collectively referred to herein as the "Corporate Defendants." Arlinda Moriarty and Daynelle Dickens are collectively referred to herein as the "Individual Defendants."

1

C.  Immediate and irreparable harm would result to the public and the United States if Defendants are afforded an opportunity to dissipate or encumber assets that are traceable to their fraudulent scheme, thereby frustrating and diminishing any future recovery.

D.  Absent the injunctive relief requested by the United States, Defendants may also attempt to destroy business, financial, and accounting records, and cause immediate and irreparable harm to the United States.

IT IS HEREBY ORDERED that Defendants, their agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and financial institutions at which they do business, and all other corporations over which Defendants exercise control are hereby restrained and enjoined from:

1.  committing or conspiring to commit any Federal health care offenses, as defined in 18 U.S.C. § 24(a);

2.  alienating, withdrawing, transferring, removing, dissipating, or otherwise using, in any manner, any moneys or sums presently deposited, to be deposited, and/or held on behalf of Defendants in the bank accounts identified on Exhibit A, except as previously authorized by the United States Attorney's Office for the Western District of Pennsylvania pursuant to the Order entered on April 13, 2017, as expressly provided in Paragraphs 8 and 9 of this Order, or with prior written authorization from the United States Attorney's Office for the Western District of Pennsylvania;

3.  alienating, dissipating, or transferring any of the vehicles and real properties owned by Defendants, including but not limited to the vehicles and real properties identified on Exhibit B;

4.  alienating, withdrawing, transferring, removing, or dissipating, or otherwise using, in any manner, any assets, real or personal, that are proceeds from false, fictitious, or fraudulent PA Medicaid claims, or that are co-mingled with money or other assets that are such proceeds;

5.  concealing from the United States any assets;

6.  destroying or otherwise discarding any records, including electronically stored information, relating to subject matter of the investigation and/or Defendants' provision of services under the Commonwealth of Pennsylvania's Medicaid Program.

IT IS FURTHER ORDERED that:

7. Defendants shall within 15 days of entry of this Order, provide the United States Attorney's Office for the Western District of Pennsylvania with information pertaining to all assets, owned, directly or indirectly, in whole or in part, and/or held by and/or for the benefit of Defendants, including the location of any safe-deposit boxes and safes, and the identity of bank, investment, brokerage, and/or other accounts, real property, and personal property with a fair market value of greater than $5,000.00.

8. Pursuant to Paragraph 2, above, the following disbursements are authorized:

    a. Defendant Moriarty Consultants, Inc. ("MCI") is authorized to make disbursements from First National Bank Account Number ▮▮▮▮▮▮ for reasonable and necessary business operating expenses, which may include payroll of MCI employees, rent, utilities, insurance, maintenance, and taxes.

    b. Defendant Activity Daily Living Services (ADL), Inc. ("ADL") is authorized to make disbursements from First National Bank Account Number ▮▮▮▮▮▮ for reasonable and necessary business operating expenses, which may include payroll of ADL employees, rent, utilities, insurance, maintenance, and taxes.

    c. Defendant Everyday People Staffing, Inc. ("EPS") is authorized to make disbursements from Citizens Bank Account Number ▮▮▮▮▮▮ for reasonable and necessary business operating expenses, which may include payroll for EPS employees, rent, utilities, insurance, maintenance, and taxes.

    d. Defendant National Home Modification, Inc. ("NHM") is authorized to make disbursements from Citizens Bank Account Number ▮▮▮▮▮▮ and ▮▮▮▮▮▮ for reasonable and necessary business operating expenses, which may include payroll for NHM employees, rent, utilities, insurance, maintenance, and taxes.

    e. Defendant Coordination Care, Inc. ("CCI") is authorized to make disbursements from First National Bank Account Number ▮▮▮▮▮▮ for reasonable and necessary business operating expenses, which may include payroll for CCI employees, rent, utilities, insurance, maintenance, and taxes.

    f. Defendant Arlinda Moriarty is authorized to make the following disbursements from Citizens Bank Account Nos. ▮▮▮▮▮▮ and ▮▮▮▮▮▮ for reasonable and necessary living expenses for herself and dependent child, which may include food, medical expenses, home mortgage and maintenance, utilities, insurance, taxes, or such other

expenses with prior written authorization from the United States Attorney's Office for the Western District of Pennsylvania.

9. Defendants are authorized to make disbursements for legal fees to Buchanan Ingersoll & Rooney P.C., The Grail Law Firm, and such other counsel as designated by Defendants in writing to the United States Attorney's Office for the Western District of Pennsylvania.

10. The Corporate Defendants shall each submit to the United States Attorney's Office for the Western District of Pennsylvania on the 30th of each month a detailed accounting of all revenues, sources of income, and business expenditures, including but not limited to those authorized in Paragraphs 8 and 9, above.

11. Defendant Arlinda Moriarty shall submit to the United States Attorney's Office for the Western District of Pennsylvania on the 30th of each month a detailed accounting of all revenues, sources of income, and personal expenditures, including but not limited to those authorized in Paragraphs 8 and 9, above.

12. ALLEGHENY VALLEY BANK is hereby ordered and directed to hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any moneys or sums presently or to be deposited, or held in Account Number ███████.

13. CITIZENS BANK is hereby ordered and directed to hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any moneys or sums presently or to be deposited or held in Account Numbers ███████.

14. This Order shall remain in effect until September 1, 2017, at 2 p.m., unless otherwise ordered by the Court or agreed to by the parties.

15. The preliminary injunction hearing scheduled for April 24, 2017, at 10 a.m. is canceled and postponed until further Order of the Court.

16. The parties reserve the right to enforce the terms of this Order and/or seek additional relief from the Court as deemed necessary.

17. The parties reserve the right to request, within seven (7) days prior to the expiration of this Order, that the Court set the matter for a preliminary injunction hearing.

IT IS SO ORDERED.

April 21, 2017

    s\Cathy Bissoon
Cathy Bissoon
United States District Court Judge

**EXHIBIT A**

1. Allegheny Valley Bank Account No. █████
2. First National Bank Account No. █████
3. First National Bank Account No. █████
4. First National Bank Account No. █████
5. Citizens Bank Account No. █████
6. Citizen Bank Account No. █████
7. Citizens Bank Account No. █████
8. Citizens Bank Account No. █████
9. Citizens Bank Account No. █████
10. Citizens Bank Account No. █████
11. Citizens Bank Account No. █████
12. Citizens Bank Account No. █████
13. Citizens Bank Account No. █████
14. Citizens Bank Account No. █████
15. Citizens Bank Account No. █████
16. Citizens Bank Account No. █████

# EXHIBIT B

## Vehicles Owned by Arlinda Moriarty

1. 2016 Porsche Cayenne

2. 2013 Dodge Avenger SXT 4DR Sedan

3. 2013 Jeep Wrangler 4DR SUV

## Residential and Commercial Properties Owned by Arlinda Moriarty

1. 120 Camelot Court, Cranberry Township, Pennsylvania 16066

2. 902 Glenwood Court, Cranberry Township, Pennsylvania 16066

3. 1420 Beckham Street, Pittsburgh, Pennsylvania 15214

4. 3904 Perrysville Avenue, Pittsburgh, Pennsylvania 15214

5. 3442 Fleming Avenue, Pittsburgh, Pennsylvania 15212

6. 3241 Brighton Road, Pittsburgh, Pennsylvania 15212